UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20887-CIV-ALTONAGA/Reid

ALBERTO ALEJANDRO
MAITA ESPINOZA,

       Plaintiff,

v.

NICOLAS MADURO MOROS, *et al.*,

       Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Alberto Alejandro Maita Espinoza's Motion for Alternative Service Under Rule 4(f)(3) [ECF No. 18], filed on May 4, 2026. On February 10, 2026, Plaintiff filed a Complaint [ECF No. 1] alleging that Defendants unlawfully detained and tortured him. (*See generally* Compl.). On February 11, 2026, the Court issued an Order [ECF No. 4] administratively closing the case until Plaintiff files proof of service on all Defendants under the Hague Convention. (*See id.*). Plaintiff now identifies several difficulties rendering traditional service impracticable and seeks permission to serve Defendants, Vladimir Padrino Lopez, Maikel Moreno Perez, and Nestor Reverol Torres via e-mail, text message, and direct message through social media websites. (*See generally* Mot.). For the following reasons, the Motion is granted.

Plaintiff argues that Defendants, citizens and residents of Venezuela, are "living as fugitives from justice" who "have intentionally made themselves unreachable for service by traditional means." (*Id.* 2).[1] This case is not the first time these issues have arisen; Plaintiff

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

identifies four other cases, including one before this Court, involving terrorism claims against many of the same Defendants, and in which courts allowed alternative methods of service for these same reasons. (*See* Mot. 4–6 (citing *Holt v. Maduro Moros*, No. 24-cv-20701 (S.D. Fla. Apr. 26, 2024); *Perez et al., v. Maduro Moros, et al.*, No. 24-cv-23719 (S.D. Fla. Sep. 27, 2024); *Albán Osio v. Maduro Moros*, No. 21-Civ-20706 (S.D. Fla. 2024); *Marrón v. Maduro Moros*, No. 21-Civ-23190 (S.D. Fla. 2024)). Plaintiff, relying on these past unsuccessful efforts, contends that Venezuela's central authority refuses to deliver service papers from the United States; and Defendants have taken great lengths to avoid service. (*See* Mot. 4–5).

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method for service to be executed on foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-Civ-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added; citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Venezuela and the United States are parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. When a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service. *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-Civ, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that "an objection to service through 'postal channels' does not equate to an express objection to service via electronic mail"

and that "many other federal courts have permitted service by electronic mail" (citations omitted)). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (citations omitted).

Plaintiff contends Defendants are amenable to service through alternative methods including text, email, and direct message (*see* Mot. 5–6) and seeks to serve Defendants through those methods (*see generally id.*).  He explains that "[s]ervice by at least some of these means has been successfully completed upon each Defendant within the last two years." (*Id.* 5 (alteration added)).  The Court also notes that the undersigned and another Judge in this District have permitted service via email and/or social media against many of the same Defendants. (*See Holt*, No. 24-cv-20701, Mot. for Alternative Service . . . [ECF No. 11] filed April 19, 2024; *id.*, Order Granting Pl.'s Mot. for Alternative Service . . . [ECF No. 14] filed April 26, 2024; *Marrón*, No. 21-Civ-23190, Mot. for Alternative Service . . . [ECF No. 32] filed September 2, 2022; *id.*, Order Granting Pl.'s Mot. for Alternative Service . . . [ECF No. 33] filed September 7, 2022).

Service by text, e-mail, or through social media is also not prohibited under international agreement in this case.  Although the United States and Venezuela are parties to the Hague Convention, the Convention does not specifically prohibit service through such means. (*See* Mot. 6); *see also* Hague Convention art. 10.  Venezuela prohibits effecting service by postal channels but has not specifically objected to service by text, e-mail, or through social media. *See* U.S. Dep't State — Bureau Consular Affs., Venez. Jud. Assistance Country Info., https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html (objecting only to service as specified in Article 10, subpart a).  Likewise, although Venezuela is a party to the Inter-American Convention, the

3

terms of the Convention "do not prohibit service by email, text, or social media."  (Mot. 6 (citing *Paiz v. Castellanos*, No. 06-cv-22046, 2006 WL 2578807, at *1 (S.D. Fla. Aug. 28, 2006)). Consequently, service by e-mail or Internet communication in this case would not violate an international agreement.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 18]** is **GRANTED**.  Plaintiff, Alberto Alejandro Maita Espinoza may serve the summons **[ECF No. 13]**, a copy of the Complaint **[ECF No. 1]**, and all other future filings and discovery in this matter upon Defendants, Vladimir Padrino Lopez, Maikel Moreno Perez, and Nestor Reverol Torres as follows:

1.  Plaintiff may serve the summons, Complaint, and a copy of this Order on Defendant, Vladimir Padrino Lopez by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, (3) a private direct message to his Facebook profile.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiff may send Padrino Lopez links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiff may serve Padrino Lopez with other documents (such as discovery requests) through the same methods by which he serves the summons and Complaint.

2.  Plaintiff may serve the summons, Complaint, and a copy of this Order on Defendant Maikel Moreno Perez by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, (3) a private direct message to his Facebook profile, or (4) his work email address.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiff may send Moreno Perez links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiff may

CASE NO. 26-20887-CIV-ALTONAGA/Reid

serve Moreno Perez with other documents (such as discovery requests) through the same methods by which he serves the summons and Complaint.

3. Plaintiff may serve the summons, Complaint, and a copy of this Order on Defendant Nestor Reverol Torres by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, (3) a private direct message to his verified X account (formerly Twitter), or (4) a private direct message on Facebook. In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiff may send Reverol Torres links to a website that hosts copies of the respective papers. Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiff may serve Reverol Torres with other documents (such as discovery requests) through the same methods by which he serves the summons and Complaint.

4. When Plaintiff files proofs of service on all Defendants, the Court will reopen the case on motion by Plaintiff. Plaintiff's Motion for Extension of Time to Serve Defendants **[ECF No. 19]** is **DENIED** as unnecessary.

5. Plaintiff shall provide the Court with status reports advising of the status of service upon all Defendants every **sixty (60) days**, from the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 5th day of May, 2026.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

5